ERVIN, Justice
(dissenting):
I find that Sections 404.01(12) and 404.-02(4) as applied in this case are unconstitutionally vague and uncertain.
Section 404.01(12) defines cannabis as follows:
“(12) The word ‘cannabis’ means all parts of the plant cannabis sativa, L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, and any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake or the sterilized seed of such plant, which is incapable of germination.
“Nothing in subsections (1), (2) and (3) of this section shall be construed to include items commonly known as patent or proprietary preparations which are sold as over-the-counter items not requiring a prescription.”
It is noted that this definition as well as F.S., Section 404.15(1), F.S.A., hereinafter discussed, were insertions by amendment of the 1971 Legislature (Ch. 71-107) into F.S., Chapter 404, F.S.A. However, in amending, the Legislature did not take the trouble to gear its amendments into Chapter 404 in apt constitutional language necessary to the validity of a criminal statute, as explained hereinafter.
*821 Section 404.02(4) and (5) makes unlawful
“(4) The actual or constructive possession or control of a barbiturate or a central nervous system stimulant or other drug controlled by this law by any person unless such person obtained such drug on the written prescription of -a practitioner or unless such person obtained such drug by direct delivery from a practitioner for bona fide medical use, and except as provided in § 404.04, Florida Statutes.
“(5) The actual or constructive possession or control of an hallucinogenic drug by any person, except as provided in § 404.04.”
A fair inspection and comparison of all of the provisions of F.S., Chapter 404, F. S.A., and in particular Section 404.01 (definitions) and Section 404.02 (prohibited acts), does not disclose that cannabis is included in the definition of “barbiturates,” “central nervous system stimulants,” or “hallucinogenic drug.” A cursory reading of the definitions of barbiturates, central nervous system stimulants, and hallucinogenic drugs contained respectively in Sections 404.01(1), (2), and (3), will disclose “cannabis” is not included in any of these definitions. The words “or other drug controlled by this chapter” in the context employed must under the doctrine ejusdem generis fall within the prohibited classifications just preceding. Nowhere in Chapter 404 is cannabis described or referred to as a prohibited drug. For aught that appears in Chapter 404, cannabis may well fall into one of the excepted items therefrom.
Even the penalty section (F.S., 404.15, F.S.A.) contains contradictory language negating any connotation that possession of cannabis as described in F.S., Section 404.01(12), F.S.A., is subject to criminal penalty. After stating in Section 404.15(1) that if the first offense charged is the possession or delivery of not more than five grams of cannabis, the defendant shall be guilty of a misdemeanor, this language is added:
“ . . . For the purposes of this subsection, the word ‘cannabis’ shall not include the resin extracted from the plant cannabis sativa, L., or any compound, manufacture, salt, derivative, mixture, or preparation of such resin.”
This language in the penalty section imports a meaning that the word “cannabis” shall not include the resin extracted from the plant cannabis sativa, L., which, however, is expressly included in F.S., Section 404.01(12), F.S.A. This contradiction further contributes to the vagueness and uncertainty of the statutory language concerning “cannabis.”
Unquestionably, the 1972 Legislature became cognizant of the ineptitude and uncertainty of its language relating to cannabis in F.S., Chapter 404, F.S.A., and attempted after the fact of its original deficient enactment to ex post facto correct the statute retroactively by including cannabis in the definition of prohibited “hallucinogenic drugs.” It made this attempt by enacting Chapter 72-97, which went into effect on March 28, 1972, well after Appellant was alleged to have violated said sections of Chapter 404 by possession of cannabis on January 11, 1972. The preamble to Chapter 72-97 is in effect a confession of legislative failure and recognition of the confusion created by the deficient language relating to cannabis in Chapter 404. The preamble reads as follows:
"Whereas, there has been called to the attention of the legislature that some confusion has arisen as to the scope of chapter 404, Florida Statutes; and
“Whereas, said chapter has been interpreted by one lower court of record to exclude the drug cannabis but by other courts as to include same; and
“Whereas, this legislature, while having no doubt as to its original intent to in- *822 elude said drug, yet wishing to clarify the matter so as to preclude any possible misunderstanding; and
"Whereas, this legislation is intended solely by way of clarification and explanation, Now, Therefore,” (Emphasis supplied.)
Not only does the Legislature recognize in its preamble to Chapter 72-97 its faulty statutory language, but it proceeds to try to rationalize it away by expressing judicially an intention contrary to a lower court’s decision.
It may well be assumed that as of March 28, 1972 the Legislature has corrected to a degree the language deficiencies in Chapter 404 concerning cannabis. But its 1972 enactment can have no ex post facto or retroactive effect.
The fundamental law requires statutes which prohibit criminal conduct to be sufficiently definite in order to satisfy due process requirements. See State v. Buchanan, Fla., 191 So.2d 33. See also, 9 Fla. Jur., Criminal Law § 14, Requirement of certainty; § 16, Protection against ex post facto laws; § 21, Rule of strict construction, and 21 Am.Jur.2d, Criminal Law, Section 17.
I reiterate, it was not until after the enactment of Chapter 72-97 that “cannabis” was finally included by the Legislature in the category of an “hallucinogenic drug,” a prohibited drug. This was an after-the-fact inclusion subsequent to Cuevas being charged with “illegal” possession of cannabis. I regret to see fundamental principles ignored, as demonstrated in this case, when statutory crimes are created by judicial implication in the precipitate frenzy for “law and order” despite constitutional safeguards that require certainty in criminal statutes and penalties and frown upon their ex post facto application.